IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PALTALK HOLDINGS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. _____ |
| | ) | |
| VALVE CORPORATION, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff PalTalk Holdings, Inc. ("PalTalk") brings this action against Valve Corporation ("Valve"), and for its causes of action alleges as follows:

**THE PARTIES**

1.  PalTalk is a Delaware corporation with its principal place of business at 500 North Broadway, Suite 259 Jericho, NY 11753.  PalTalk was incorporated in 2001 and is the owner of various patents relating to methods and systems for communicating over networks.

2.  Upon information and belief, Valve Corporation is a Washington corporation having a principal place of business at 10900 NE 4th Street, Suite 500, Bellevue, Washington 98004 and offering its products and services, including those accused herein of infringement, to customers and/or potential customers located in Delaware.  Valve may be served with process through its registered agent: Corpserve, Inc., 1001 4th Avenue, Suite 4500, Seattle, Washington 98154.

**JURISDICTION AND VENUE**

3.      This is an action for patent infringement under the Patent Act, 35 U.S.C. § 271.  Valve provides infringing services in the District of Delaware.  This Court has personal jurisdiction over Valve, in part, because Valve provides infringing online services to subscribers who reside in this district.  This Court has subject matter jurisdiction by virtue of Sections 1331 and 1338(a) of Title 28, United States Code.

4.      Venue in this Court is proper by virtue of Sections 1391(b) and (c) and 1400(b) of Title 28, United States Code as the Court has jurisdiction over Valve.

**BACKGROUND OF THE PATENTS**

5.      PalTalk's predecessor-in-interest, HearMe (formerly known as MPath Interactive Inc.), is one of the early pioneers of technology that allows users to participate in multiplayer games over the Internet.  Multiplayer games conducted over wide area networks generally involve difficult technical issues because of the requirement that all players have the same view of the game environment in real-time.  PalTalk's technology provides for efficient handling of communications between players necessary to maintain a consistent game environment for all players.  PalTalk's technology covers a number of aspects of online gaming, including communications through a group messaging server as well as establishing groups for online game play.

6.      PalTalk's predecessor-in-interest filed numerous patent applications that cover online gaming technology.  On October 13, 1998, the United States Patent and Trademark Office issued the first of these utility patent applications.  Specifically, United States Patent No. 5,822,523 (the "'523 Patent") was duly and legally issued to MPath Interactive Inc. as the legal assignee of the inventors, Jeffrey Rothschild, Marc Kwiatkowski, and Daniel Samuel.  The title of the '523 Patent is "Server-Group Messaging System for Interactive Applications."  A true and correct copy of the

'523 Patent is attached as Exhibit "A."

7. Thereafter, the United States Patent Office issued other patents on HearMe's technology, including U.S. Patent No. 6,226,686 (the "'686 Patent"), which issued on May 1, 2001. A true and correct copy of the '686 Patent is attached as Exhibit "B." The '686 Patent is a continuation of U.S. Patent No. 6,018,766, which is a continuation of the '523 Patent. The '523 Patent and the '686 Patent collectively constitute the "PalTalk Patents." In 2002, HearMe sold the PalTalk Patents to PalTalk Holdings, Inc.

8. On or around June 14, 2010, an ex-parte reexamination request no. 90/011,033 with respect to the '523 Patent was filed with the United States Patent and Trademark Office (USPTO). All claims of the '523 Patent were confirmed patentable without amendment. An additional 41 claims (claims 7–47) were added.

9. On or around June 14, 2010, an ex-parte reexamination request no. 90/011,036 with respect to the '686 Patent was filed with the United States Patent and Trademark Office (USPTO). Claims 1–4 and 7–19 were confirmed patentable without amendment. Claims 5 and 6 were canceled. An additional 51 claims (claims 20–70) were added.

10. Presumably, these reexamination requests stemmed from litigation that was ongoing at the time between PalTalk and various other companies including Sony Computer Entertainment America Inc., Activision Blizzard, Inc., and NCSOFT Corporation in the Eastern District of Texas. All of those prior litigations have been resolved, resulting in these former defendants taking licenses to the patents-in-suit.

## TECHNOLOGY BACKGROUND

11. Before a group of players can form an online game, they must establish channels of communication between their respective computers. Each computer participating in the online

game play must be capable of transmitting its player's movements to the group such that all players have consistent views of the game environment. The transmissions must occur frequently in order to maintain consistency between the computers. The frequency requirement is particularly important in action-oriented video games with high resolution graphics. Such games require very frequent updates from most or all players in order to maintain a real-time consistent view of the game environment. The large number of communications necessary from a number of players can result in bandwidth or computer processing bottlenecks.

12. To alleviate these problems, the '523 Patent describes, as a preferred embodiment, using a group messaging server to receive the individual messages from each computer. The group messaging server maintains an accurate list of all members of the group, eliminating the need for each member of the group to maintain its own independent list. The group messaging server of the '523 Patent also is capable of aggregating the payload portions of the individual messages into an aggregated message, which the group messaging server may then send to each group member. Aggregation through the group messaging server simplifies the communications between computers by reducing the number of messages that each individual computer must send and receive.

13. The '686 Patent describes and claims forming a message group and maintaining consistency between the computers within the group. In particular, the '686 Patent describes receiving a create message specifying a message group to be created and receiving join messages from a first subset of host computers specifying the message group. The '686 Patent also describes receiving host messages from a second subset of the first subset of host computers within the message group and aggregating the payload portions of those host messages to form an aggregated message. The aggregated message is then sent to the first subset of host computers within the

message group.  The method described in the '686 Patent similarly facilitates efficient communications between host computers and reduces the burden of maintaining consistency between the host computers within the message group.

14. After MPath invented its technology, online game play became one of the most popular Internet activities.

## PREVIOUS LITIGATION

15. In October of 1999, Hearme, f/k/a Mpath Interactive Inc. brought suit for patent infringement regarding the '523 Patent against Lipstream Networks, Inc. in California.  The case settled around September of 2000.

16. In September of 2006, PalTalk brought suit against Microsoft Corporation in the Eastern District of Texas for its infringement of the '523 and '686 Patents.  The case went to trial in March of 2009. During trial, evidence was discussed concerning how Microsoft wanted Mpath's technology for itself and expressed how unique it was and discussed the significant advantages it offered.  Microsoft employees made proposals to Bill Gates that Microsoft acquire Mpath in the mid-1990s.  Facing powerful evidence of infringement and validity, Microsoft settled the case during trial in exchange for a license.

17. In September of 2009, PalTalk brought suit against Sony Corporation, Activision, Blizzard, NCSoft, Jagex, Turbine, and other related companies in the Eastern District of Texas.  Similar to Microsoft, many of these entities settled on the brink of trial in September of 2011 in exchange for a license.

18. Leaders in the video gaming industry have paid, in total, many tens of millions of dollars to PalTalk in connection with the '523 and '686 Patents.

## DIRECT INFRINGEMENT

19.     PalTalk incorporates its previous allegations by the reference.

20.     PalTalk is the assignee of the '523 and '686 Patents and has all rights, title, and interest in and to each of the PalTalk Patents, including all substantial rights in and to the PalTalk Patents, and including the right to sue and collect damages, including damages for past infringement.

21.     Prior to filing this suit, PalTalk complied with the marking requirement pursuant to 35 U.S.C. § 287(a) and is thus entitled to recover past damages for the infringement of the PalTalk Patents, as more fully described below.

## DEFENSE OF THE ANCIENTS 2

22.     Defense of the Ancients 2 ("DOTA 2") is a multiplayer online battle arena ("MOBA") video game developed and published by Valve Corporation.

23.     Upon information and belief, DOTA 2 grossed in excess of $235 million dollars for Valve Corporation in 2015, making it one of the most profitable online games in the world.  This revenue comes in part at least from the sale of virtual goods and other game related benefits connected with DOTA 2.

24.     DOTA 2 has become one of the most popular games in the world, with peak simultaneous players in excess of 1,000,000 in many months.

25.     Valve has servers that support DOTA 2 in multiple locations in the United States.

### '523 Patent Infringement

26.     Valve Corporation has directly infringed at least Claim 1 of the '523 Patent, either literally or under the doctrine of equivalents, by and through its use of the methods claimed in the '523 Patent in this country in connection with at least DOTA 2.  This conduct constitutes infringement under 35 U.S.C. § 271(a).  An exemplary claim chart is provided in Exhibit C.

27.     Every step of the method of at least Claim 1 of the '523 Patent is attributable to Valve Corporation by virtue of Valve's ownership and control of its own servers which perform various method steps, and through Valve's licensing and software agreements with its players.

28.     With respect to the limitation in Claim 1 of "sending, by a plurality of host computers…," Valve expressly conditions participation in DOTA 2, as well as receipt of benefits of having virtual goods, and other game-related benefits, upon the performance of this step of the patented method.

29.     By way of a non-limiting example, each player is required to download and install a copy of Valve's software (Exhibit D, Valve Software Agreement, § 2.A), only use Valve's software to play the DOTA 2 game (§ 2.A, 2.G), and must not modify Valve's software (§ 2.G).

30.     Valve can change and automatically update the software at any time for any reason at Valve's sole and absolute discretion. (§ 2.A). The player has no ownership right in the software, has no intellectual property rights in the software, and merely has a non-exclusive license to use the software for non-commercial, personal use entertainment purposes. (§ 2.A, 2.F).

31.     Valve establishes the manner of the performance of this step through Valve's software which the player must download and install to play the game, must use to play the game, cannot modify, and must accept all changes imposed by Valve. (§ 2.A, 2.G). The software must be used to perform this step, and the player has no choice as to the manner in which this step is performed. The entire organization of the claimed message(s) and their sending to Valve's servers is accomplished by Valve's software (that Valve owns, controls, and exercises dominion over) in the way that Valve programmed the software to perform.

32.     Valve establishes the timing of the performance of this step through its software that is programmed to immediately send the claimed message(s) directly or indirectly in response to player input and/or server information, commands, or authorization.

33. By virtue of Valve's agreement with each player, Valve has the complete right at any time and at Valve's sole discretion to stop and/or limit the performance of this infringing step by modifying the player's software. (§ 2.A, 2.G).

34. Valve also establishes the manner and timing of the players' performance so that a player can only avail themselves of the game upon the performance of this claimed step. (§ 2.A, 2.G).

35. It is impossible to play the DOTA 2 game without the Valve software performing this step, the player cannot modify the software, and the player has no other ability to interact with the game except through the software.

36. Upon information and belief, Valve's employees also play the DOTA 2 game on behalf of Valve during development, beta testing, live testing, playtesting, demonstrations, and to advance their understanding of Valve's product offerings.

37. Accordingly, Valve is a direct infringer of at least Claims 1 of the '523 Patent.

### '686 Patent Infringement

38. Valve Corporation has directly infringed at least Claim 7 of the '686 Patent, either literally or under the doctrine of equivalents, by and through its use of the methods claimed in the '686 Patent in this country in connection with at least DOTA 2. This conduct constitutes infringement under 35 U.S.C. § 271(a). An exemplary claim chart is provided in Exhibit E.

39. Every step of the method of at least Claim 7 of the '686 Patent is attributable to Valve Corporation by virtue of Valve's ownership and control of its own servers which perform the claimed method steps.

40. As a result of Valve Corporation's infringement of the PalTalk Patents, PalTalk has been damaged and as a result is entitled to recover damages which in no event can be less than a reasonable royalty, including its costs, and pre-judgment and post-judgment interest pursuant to

35 U.S.C. § 284.

## DAMAGES

41. Valve's acts of infringement of PalTalk's Patents as alleged above has injured PalTalk and thus PalTalk is entitled to recover damages adequate to compensate it for that infringement, which in no event can be less than a reasonable royalty.

## JURY DEMAND

42. PalTalk demands a trial by jury on all issues so triable, including the Defendant's counterclaims and affirmative defenses, if any.

## PRAYER FOR RELIEF

WHEREFORE, PalTalk prays for entry of judgment:

A. That Defendant, Valve Corporation, has infringed one or more claims of the '523 Patent;

B. That Defendant, Valve Corporation, has infringed one or more claims of the '686 Patent;

C. That Defendant, Valve Corporation, account for and pay to '523 Patent all damages caused by the infringement of the '523 Patent, which by statute can be no less than a reasonable royalty;

D. That Defendant, Valve Corporation, account for and pay to '686 Patent all damages caused by the infringement of the '686 Patent, which by statute can be no less than a reasonable royalty;

E. That PalTalk be granted pre-judgment and post-judgment interest on the damages caused to it by reason of the Defendant Valve Corporation's infringement of the '523 Patent and the '686 Patent; and

F. That PalTalk be granted such other and further relief that is just and proper under the circumstances.

|  |  |
|---|---|
|  | ASHBY & GEDDES |
|  | */s/ Andrew C. Mayo* |
| *Of Counsel:* | John G. Day (#2403) |
|  | Andrew C. Mayo (#5207) |
| Matthew J.M. Prebeg | 500 Delaware Avenue, 8th Floor |
| Matthew S. Compton, Jr | P.O. Box 1050 |
| PREBEG, FAUCETT & ABBOTT PLLC | Wilmington, DE 19801 |
| 8441 Gulf Freeway, Suite 307 | (302) 654-1888 |
| Houston, Texas 77017 | jday@ashby-geddes.com |
| (832) 742-9260 | amayo@ashby-geddes.com |
|  | *Attorneys for Plaintiff* |

Dated: December 16, 2016